UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT KENNEDY,

    Plaintiff,

v.                                                       Case No. 8:09-CV-361-T-30TGW

HILLSBOROUGH COUNTY JAIL, et al.,

    Defendants.
_____/

## ORDER

Plaintiff is a prisoner currently confined at Walton Correctional Institution, DeFuniak Springs, Florida. He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).

Plaintiff names Hillsborough County Jail, and Hillsborough County Jail Medical Department as defendants in this action. Because Plaintiff is seeking redress from governmental employees and entities, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

The Court finds, for reasons set forth infra, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## Discussion

**Plaintiff's allegations and claims**

Plaintiff essentially alleges that in 2007, he received inadequate medical care at Hillsborough County Jail for injuries to his leg and eye. Plaintiff asserts that the treatment defendants provided to him constituted deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. For relief, Plaintiff seeks 7 million dollars in damages.

**Analysis**

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a

less stringent standard than pleadings drafted by attorneys"). A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

**Claims against Hillsborough County Jail**

Plaintiff names the "Hillsborough County Jail" as a defendant in this action. "[C]ounty jails are not legal entities amendable to suit." *See, Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also, Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("sheriff's departments and police departments are not usually considered legal entities subject to suit."). Accordingly, Hillsborough County Jail will be dismissed from this action.

**Claims against Hillsborough County Jail Medical Department**

The Court acknowledges that Plaintiff is disadvantaged in ascertaining the proper legal entity against whom to bring his claim. *See Brown v. Sikes*, 212 F.3d 1205 (11th Cir. 2000). The Hillsborough County Jail Medical Department, however, is not a "person" within the meaning of § 1983. Although municipalities are considered persons under § 1983, "the term 'persons' does not encompass municipal departments." *Vance v. County of Santa Clara*,

928 F.Supp. 993 (N.D. Cal. 1996); *see also Stanley v. Delaware County Prison, Medical Dep't*, 1991 U.S. Dist. LEXIS 2466, No. 91-1169, 1991 WL 29928, at *1 (E.D. Pa. Feb. 27, 1991) ("The Medical Department at Delaware County Prison is clearly not a person for purposes of 42 U.S.C. § 1983."). Plaintiff's appropriate § 1983 relief is against individual persons in their individual capacities for monetary damages. Accordingly, Plaintiff's Complaint must be dismissed as against Defendant Hillsborough County Jail Medical Department.

**Leave to Amend**

Within 30 days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint**.

Plaintiff should carefully review the foregoing to determine whether he wishes to proceed with this action and can state a claim for relief. Plaintiff must limit his allegations in his amended complaint to claims related to the same basic incident or issue and name as

Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. Defendant is cautioned that § 1983 claims predicated on respondeat superior theories have been consistently rejected. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-692 (1978); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED**, without prejudice (Dkt. 1). Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint in compliance with this Order.

2. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court shall, without further notice, enter a judgment of dismissal of this action with prejudice.

3. The **Clerk of Court** is directed to mail of each of the following forms to Plaintiff with a copy of this order: Civil Rights Complaint Form; Affidavit of Indigency Form; and a Prisoner Consent Form and Financial Certificate.

4. Plaintiff shall either pay the $350.00 filing fee for each new complaint he files or provide the Court with a completed and properly executed Affidavit of Indigency with

<u>each</u> new complaint. Plaintiff is cautioned to pay particular attention to the requirements set out in Section VII of the Affidavit of Indigency form.

5. Plaintiff shall return a properly completed Prisoner Consent Form and Financial Certificate to the Clerk with each Affidavit of Indigency form he submits for the Court's consideration.

**DONE** and **ORDERED** in Tampa, Florida on March 16, 2009.

／s／ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff