**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALBERT KENNEDY,

    Plaintiff,

v.                                                       Case No. 8:09-CV-361-T-30TGW

DAVID GEE, SHERIFF,
HILLSBOROUGH COUNTY, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff is a prisoner currently confined at Walton Correctional Institution, DeFuniak Springs, Florida. He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). On March 16, 2009, the Court dismissed Plaintiff's complaint with leave to file an amended complaint (Dkt. 5). Plaintiff has filed his amended complaint (Dkt. 6).

Plaintiff's amended complaint names David Gee, Sheriff, Hillsborough County, Florida, and John and Jane Doe, medical staff members at Hillsborough County Jail as defendants in this action. Because Plaintiff is seeking redress from governmental employees and entities, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

After a review of the amended complaint, the Court determines that it must be dismissed for failure to state a claim upon which relief may be granted.

**Discussion**

**Plaintiff's allegations and claims**

Plaintiff's amended complaint essentially alleges that in 2007, while Plaintiff was incarcerated at Hillsborough County Jail, he received inadequate medical care for significant injuries to his leg and eye. The amended complaint alleges that the treatment defendants provided to him constituted deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. For relief, Plaintiff seeks 7 million dollars in damages.

**Analysis**

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

**Claims against David Gee**

Plaintiff's amended complaint names David Gee, the Sheriff of Hillsborough County, as a defendant. The amended complaint does not, however, allege what, if any, actions David Gee took in his individual or official capacity that constitute deliberate indifference to Plaintiff's serious medical needs. It appears that Plaintiff is attempting to hold David Gee liable under the theory of respondeat superior. Respondeat Superior, however, is not actionable in 42 U.S.C. § 1983 actions. In *Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007), the Eleventh Circuit Court of Appeals stated:

3

The Sheriff had no direct contact with Goebert. The basis for her claim against him is his office's supervisory responsibilities over the jail. We do not recognize vicarious liability, including respondeat superior, in § 1983 actions. *Cottone*, 326 F.3d at 1360. In order to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or … directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir.2007) (per curiam) (first and second alterations in original) (internal quotation marks omitted) (quoting *Cottone*, 326 F.3d at 1360).

As we have explained, "[a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926, 99 L.Ed.2d 107 (1988). Demonstrating a policy or custom requires "show[ing] a persistent and wide-spread practice." *Depew v. City of St. Mary's, Ga.*, 787 F.2d 1496, 1499 (11th Cir.1986).

Goebert's official capacity claim against Sheriff Scott relies on the Lee County Jail's policy of not permitting inmates to lie down during the daytime without a pass coupled with the staff's failure to issue such passes when medically necessary. The policy of not permitting inmates to lie down at their leisure during the daytime is a reasonable one. It certainly is not facially unconstitutional. Goebert's claim, in effect, is that this facially constitutional policy was implemented in an unconstitutional manner-one that ignored medical needs.

Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations. *See West*, 496 F.3d at 1329 ("'The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.'" (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)); *Mathews v. Crosby*, 480 F.3d 1265, 1271 (11th Cir.), *petition for cert. filed*, 76 U.S.L.W. 3050 (U.S. Jul. 23, 2007) (No.

> 07-86) [cert. denied, 128 S. Court. 865, 169 L. Ed. 2d 723 (2008)] (reviewing the facts in the light most favorable to the plaintiff to determine "whether [a prison warden] was put on notice by a history of widespread abuse at [the prison], or whether he had established customs or policies resulting in deliberate indifference to a prisoner's constitutional rights"); *Marsh*, 268 F.3d at 1037 ("Unless a policymaker knows of the need [to remedy an unconstitutional condition], no liability can arise from failure [to do so]."). As the Supreme Court has stated, "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997).
>
> Goebert has not shown that the Sheriff had actual knowledge that the lie-in pass policy was being implemented in a way that ignored medical needs. There is no evidence that he knew that, if it was a fact. Nor has Goebert shown that the misapplication of the policy was so widespread that we can attribute constructive knowledge to the Sheriff. In fact, she has not shown that any other inmate had ever been denied a lie-in pass when needed for medical reasons. As a result, she has "failed to meet the 'extremely rigorous' standard for supervisory liability." *West*, 496 F.3d at 1329 (quoting *Cottone*, 326 F.3d at 1360). The district court correctly granted summary judgment to Sheriff Scott. 510 F.3d at 1331, 1332.

510 F.3d at 1331-32.

Plaintiff has not met the standard for holding David Gee liable under the theory of respondeat superior. Accordingly, Plaintiff's claims against David Gee will be dismissed for failure to state a claim upon which relief may be granted.

**Claims against John and Jane Doe**

With regard to Defendants "John and Jane Doe," "fictitious party practice is not permitted in federal Court." *Rolle v. Brevard County, Florida*, 2007 U.S. Dist. LEXIS 6920, 2007 WL 328682 *14 (M.D. Fla. Jan 31, 2007) (citing *New v. Sports Rec., Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997)) (other citations omitted). Although Plaintiff identifies

Defendants John and Jane Doe as members of the medical staff at Hillsborough County Jail, this information is insufficient for the Court to effect service of process on these Defendants. *See Id.*; *Dean v. Barber*, 951 F.2d 1210, 1215-1216 (11th Cir. 1992). It is possible that the identity of these John and Jane Doe Defendants will be uncovered during discovery, at which time Plaintiff may seek leave from the Court to amend his complaint. Thus, at this time, the Court will dismiss Defendants John and Jane Doe without prejudice.

**Leave to Amend**

The Court will grant Plaintiff one more opportunity to amend his complaint. Therefore, within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original or amended complaints by reference. **A second amended complaint supersedes the original and amended complaints, and all claims must be raised in the second amended complaint**.

Plaintiff should carefully review the foregoing to determine whether he wishes to proceed with this action and can state a claim for relief. Plaintiff must limit his allegations in his second amended complaint to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. Further, Plaintiff should identify each Defendant with enough specificity so that the Court may effect service of process on each Defendant. Defendant is cautioned that § 1983 claims predicated on respondeat superior theories have been consistently rejected. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-692 (1978); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's amended complaint is **DISMISSED**, without prejudice (Dkt. 6). Plaintiff has **twenty (20) days** from the date of this Order to file a second amended complaint in compliance with this Order.

2. If Plaintiff fails to file a second amended complaint within 20 days, the Clerk of Court shall, without further notice, dismiss and close this case.

3. The **Clerk of Court** is directed to mail a Civil Rights Complaint Form to Plaintiff with a copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on May 28, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff