**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALBERT KENNEDY, III,

    Plaintiff,

v.                                                              Case No. 8:09-CV-361-T-30TGW

JOHN DOE, et al.,

    Defendants.
_____/

## **ORDER**

        Plaintiff is a prisoner currently confined at Walton Correctional Institution, DeFuniak Springs, Florida. He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). On March 16, 2009, the Court dismissed Plaintiff's complaint with leave to file an amended complaint (Dkt. 5). Plaintiff filed his amended complaint (Dkt. 6). The amended complaint, however, was also dismissed with leave to file a second amended complaint (Dkt. 11). Plaintiff has filed his second amended complaint (Dkt. 13), and a "Motion for Request of Discovery" (Dkt. 14) in which Plaintiff seeks leave to obtain discovery in order to ascertain the names of defendants John and Jane Doe.

        In the heading of his second amended complaint, Plaintiff identifies as defendants "Hillsborough County Et. Al., Request Discovery for Names Corrections Officers Medical Staff Members." (Dkt. 13 at 1). In Part V of the second amended complaint, Plaintiff lists

1

as the first defendant "unknown, request discovery please" then identifies the first defendant's position as "Jail Corrections, medical staff member." (Id. at 6). Plaintiff lists as the second defendant "unknown request discovery please" then identifies the second defendant's position as "jail corrections officer." (Id.).

Essentially, Plaintiff names in his second amended complaint only John and Jane Doe, staff members at Hillsborough County Jail, as defendants in this action. Because Plaintiff is seeking redress from governmental employees and entities, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

After a review of the second amended complaint, the Court determines that it must be dismissed with leave to amend.

**Discussion**

The Court has no way of knowing the names of John and Jane Doe defendants in order to perfect service of process. Plaintiff does not identify any other defendants in his second amended complaint. Therefore, no service will be attempted. Consequently, Plaintiff's second amended complaint will be dismissed without prejudice to the rights of Plaintiff to file a third amended complaint should he subsequently discover their identities,[1] or otherwise name an entity or party whom may be served with process.[2]

To the extent Plaintiff seeks leave of court to obtain discovery (See Dkt. 14), Plaintiff has not sufficiently identified, in his second amended complaint, a party from whom discovery may be obtained.

---

[1] Plaintiff could, for instance, make a written request to the county jail for copies of his pertinent medical records (and possibly make a written request to his current institution of incarceration if said institution has copies of Plaintiff's medical records from the county jail) for the purpose of reviewing those records to ascertain the name(s) of the individuals he claims examined him but ignored his injuries and denied him medical treatment on May 6, 2007, when he arrived at the county jail.

[2] For instance, Plaintiff may name a high-level administrator and then proceed to discovery against the administrator with the expectation that the administrator will identify the officials personally responsible. *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1209 n. 4 (11th Cir. 2000)("Appellate courts have acknowledged the difficulties faced by a prisoner in identifying alleged wrongdoers before filing a complaint and have directed district courts to assist prisoners in discovering the identity of the proper defendants.")(citations omitted). *See also, Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 37 (2d Cir. 1996) ("But for [the plaintiff's] mistake [in naming the correctional facility as a defendant], he would have . . . at least named the superintendent of the facility and obtained the names of the responsible officers through discovery."); For this reason, the Plaintiff is granted leave to rename in his third amended complaint the Sheriff as a party to this action. *See, e.g., Henderson v. O'Dea*, 1997 U.S. App. LEXIS 26469, at *6 (6th Cir. Ky. Sept. 22, 1997)(unpublished opinion)("Depending on the particular circumstances of the case, the district court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; or by some other means."); *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998)("[C]ourts have pointed out the appropriateness of maintaining supervisory personnel as defendants in lawsuits stating a colorable claim until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability.").

## Leave to Amend

In light of Plaintiff's *pro se* status and because he is currently incarcerated, the Court will grant Plaintiff one more opportunity to amend his complaint. Therefore, within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original or amended complaints by reference. **A third amended complaint supersedes the original and amended complaints, and all claims must be raised in the third amended complaint**.

Plaintiff should carefully review the foregoing to determine whether he wishes to proceed with this action and can state a claim for relief. Plaintiff must limit his allegations in his third amended complaint to claims related to the same basic incident or issue raised in the second amended complaint. Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. Further, Plaintiff should identify each Defendant with enough specificity so that the Court

may effect service of process on each Defendant. Defendant is cautioned that § 1983 claims predicated on respondeat superior theories have been consistently rejected. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-692 (1978); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Motion for Request of Discovery is **DENIED** without prejudice (Dkt. 14).

2. Plaintiff's second amended complaint is **DISMISSED** without prejudice (Dkt. 13). Plaintiff has until **September 18, 2009,** to file a third amended complaint in compliance with this Order.

3. If Plaintiff fails to file a third amended complaint on or before September 18, 2009, the Clerk of Court shall, without further notice, dismiss and close this case.

4. The **Clerk of Court** is directed to mail a Civil Rights Complaint Form to Plaintiff with a copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on August 18, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff