# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ALBERT KENNEDY,

    Plaintiff,

v.                                                          Case No. 8:09-CV-361-T-30TGW

HILLSBOROUGH COUNTY, et al.,

    Defendants.
_____/

## **ORDER**

       This matter is before the Court *sua sponte* upon a review of the case file. On August 18, 2009, the Court entered an Order directing Plaintiff to file a third amended complaint on or before September 18, 2009 (Dkt. 16). Petitioner was cautioned in the Order that if he did not file a third amended complaint on or before September 18, 2009, the Clerk of the Court would dismiss this action and close this case, without further notice (Id. at pg. 5). The Order was mailed to Petitioner's address of record, and it has not been returned to the Clerk as undeliverable. To date, Plaintiff has not filed a third amended complaint.

       Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been

1

considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)[1] (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

**ACCORDINGLY**, the Court **ORDERS** that:

1. This action is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's August 18, 2009 Order. The dismissal is without prejudice to Petitioner filing a new action under a new case number.

2. The **Clerk** shall terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 28, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).